IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-03262-WYD

RICHARD ALLEN NEWMAN,

      Applicant,

v.

T.K. COZZA-RHODES,

      Respondent.

_____

ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
_____

This matter is before the Court on Applicant Richard Allen Newman's *pro se*

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241,[1] filed on

December 13, 2011.  Respondents have filed a Response to Order to Show Cause[2] and

Applicant has filed a Reply.[3]  Having considered the same, the Court concludes that the

Application should be denied.

I.    Background

Mr. Newman is a federal prisoner incarcerated at the Federal Correctional

Institution in Florence, Colorado.  On December 26, 2006, federal and state authorities

executed a search warrant at Applicant's residence in Julesburg, Colorado.[4]  He was

---

[1]ECF No. 1; *see also* Memorandum in Support (ECF No. 2).

[2]ECF No. 14.

[3]ECF No. 17.

[4]ECF No. 2, at 18 of 47.

taken into custody by the Sedgewick County, Colorado, authorities and charged with theft, burglary, criminal mischief and possession of a weapon by a felon.[5]  Applicant was arraigned in the Sedgewick County District Court on December 27, 2006.[6]  He was released on a personal recognizance (PR) bond on October 11, 2007.[7]

On February 7, 2007, a federal Indictment was filed in the United States District Court for the District of Colorado Case No. 07-CR-00054-DME, charging Mr. Newman with Burglary of a United States Post Office, in violation of 18 U.S.C. § 2115, Interstate Transportation of Motor Vehicles, in violation of 18 U.S.C. § 2312, Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314, Felon in Possession of a Firearm and Armed Career Criminal, in violation of 18 U.S.C. § 18 U.S.C. § 2, and Aiding and Abetting, in violation of 18 U.S.C. § 2.[8]  On April 19, 2007, the United States Marshal Service obtained temporary custody of Mr. Newman, pursuant to a writ of federal habeas corpus *ad prosequendum*, to respond to the charges.[9]  Applicant pleaded guilty and was sentenced on November 27, 2007 to an aggregate 120-month term of imprisonment.[10]  The federal court judgment was silent as to whether the

---

[5]*Id.* at 11-12 of 47.

[6]*Id.* at 12 of 47.

[7]*Id.* at 14, 15 of 47.

[8]*Id.* at 21 of 47.

[9]ECF No. 2, at 45-47; ECF No. 14-6.

[10]ECF No. 2, at 28-29 of 47.

sentence would run consecutively to or concurrently with any future state court sentence.[11]

Mr. Newman was returned to state custody for a hearing in his state case on December 10, 2007.[12]  The state court judge ordered that Mr. Newman be detained pending disposition of the state charges.[13]  On January 9, 2008, Applicant was sentenced in the state district court to a six-year term of imprisonment, based on his convictions in Sedgewick and Phillip Counties, to Theft, Burglary, Criminal Mischief, and Possession of a Weapon By a Felon.  The state court ordered his sentence to run concurrently with his federal prison term.[14]  Mr. Newman was credited with 285 days of pre-trial confinement, from December 26, 2006 to October 11, 2007.[15]  Applicant thereafter remained in state custody until he was released from his state sentence on August 10, 2010.[16]

On August 10, 2010, Mr. Newman was taken into the custody of the United States Marshals Service to commence service of his federal sentence.[17]  The Bureau of

---

[11] *Id.* at 29 of 47.

[12] *Id.* at 31-36 of 47; ECF No. 14-6, at 2.

[13] ECF No. 2, at 33 of 47.

[14] *Id.* at 15 of 47.

[15] *Id.* at 11, 15 of 47; ECF No. 14-7.

[16] ECF No. 14-6, at 2.

[17] *Id.* at 2; ECF No. 14-3, at 2.

Prisons prepared a sentence computation for Mr. Newman and awarded him 94 days of prior custody credit.[18]

On March 8, 2011, the Bureau sent a letter to Senior United States Circuit Judge David E. Ebel, who sentenced Mr. Newman in the federal case.[19]  The letter explained that Applicant had requested *nunc pro tunc* designation of his state facility for concurrent service of his federal sentence and asked Judge Ebel for his position with respect to the retroactive designation.[20]  The Bureau did not receive a response from Judge Ebel to the March 9, 2011 letter.[21]  On May 11, 2011, Bureau staff conducted a review of Mr. Newman's request for retroactive designation, pursuant to 18 U.S.C. § 3621(b), and denied the request.[22]

II.   <u>Application</u>

Mr. Newman initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on December 13, 2011.  After being ordered to file a preliminary response, Respondent informed the Court that Applicant has exhausted his administrative remedies pertaining to his challenge to the calculation of his term of imprisonment.[23]  The case was drawn to a district judge and a magistrate judge on January 31, 2012.

---

[18]ECF No. 14-3, at 2.

[19]ECF No. 14-5.

[20]*Id.*

[21]ECF No. 2, at 42 of 47.

[22]*Id.*; ECF. No. 14-8.

[23]ECF No. 10.

Applicant seeks an order, pursuant to 18 U.S.C. § 3585, requiring the Bureau of Prisons to grant him credit towards his federal sentence for the period December 26, 2006 to August 10, 2010, on the asserted ground that he was in primary federal custody during that time.[24]

III.   <u>Legal Standard</u>

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07–cv–02406–REB–ME, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing petitioner's request for *nunc pro tunc* designation of his state facility for service of his federal sentence as a petition for a writ of habeas corpus challenging the execution of his sentence under 28 U.S.C. § 2241); "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

---

[24]ECF No. 1, at 3 of 5; ECF No. 2 at 4-5, of 47.

5

IV.   <u>Analysis</u>

Applicant claims that he is entitled to credit against his federal sentence for his period of incarceration from December 26, 2006 to August 10, 2010, because he was primarily in the custody of the federal authorities.

A.   Time Federal Sentence Began

Computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence.[25]  Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, . . . the official detention facility at which the sentence is to be served."  The Tenth Circuit has emphasized that "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."[26]

Respondents assert that Mr. Newman's federal sentence began on August 10, 2010, when the State of Colorado released him to federal marshals to be transported to federal prison.  Applicant argues that his federal sentence commenced on December 26, 2006, based on the following: (1) the federal authorities initiated the search of his residence which resulted in his arrest on December 26, 2006; (2) on March 23, 2007, a writ of habeas corpus *ad prosequendum* was issued by the United States Marshals Service to transfer him from state custody to federal custody; (3) on September 5, 2007,

---

[25] *See Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

[26] *Id.* at 1255.

a writ of habeas corpus *ad prosequendum* was issue by state authorities to transfer Applicant to state custody for prosecution of state charges; (3) on October 11, 2007, Applicant was released on a PR bond in the state case; (4) on November 6, 2007, the state authorities issued a writ of habeas corpus *ad prosequendum* to the United States Marshal Service to secure Applicant's presence at a state court hearing; (5) on November 30, 2007, Applicant was sentenced in the federal district court case and remanded to the custody of the United States Marshals Service; and, (6) he was convicted in the state case on January 9, 2008, and sentenced to a term of imprisonment to run concurrently with his federal term.[27]

When two sovereigns may claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant."[28]  This "rule of comity" requires the second sovereign "to postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody."[29]  When a state transfers a person in custody to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the detention is generally recognized as being temporary; the defendant is not regarded as being in "official detention" by the federal authorities.[30] The time spent in federal

---

[27]ECF No. 2, at 2-5 of 47.

[28]*Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002).

[29]*Id.*

[30]*See Brown v. Perrill*, 28 F.3d 1073, at 1073-1074 (10th Cir. 1994) (citing and quoting *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982)).

detention under such a writ is credited against the state sentence but not against the federal sentence.[31]

It is undisputed that Mr. Newman was in state custody initially.  The federal authorities obtained custody over Mr. Newman on April 19, 2007, pursuant to a writ of habeas corpus *ad prosequendum*, for the purpose of answering the federal charges.[32] Mr. Newman was sentenced in the federal case on November 27, 2007 and was returned to state custody on December 10, 2012.  His time in federal detention is properly characterized as temporary.  Even if Applicant was transferred back to state custody for one or more hearings pursuant to writs of habeas corpus *ad prosequendum*, the fact remains that he was in federal custody on loan from the state authorities and "was at all times held pursuant to the original writ and order."[33]

Mr. Newman emphasizes that while he was in temporary federal custody to answer the federal charges, the state court released him on a PR bond on October 11, 2007.  Clearly, Applicant was no longer in "state custody" following his release on the PR bond.  However, Mr. Newman was in federal custody pursuant to a writ of habeas corpus *ad prosequendum* when he was sentenced on November 27, 2007 and remained in federal custody for only two more weeks.  On December 10, 2007, state authorities regained custody of Applicant pursuant to the state trial court's order that he be detained pending trial.  There is nothing in the record to suggest that after December

---

[31] *See Binford*, 436 F.3d at 1256; *United States v. Welch*, 928 F .2d 915, 916 n. 2 (10th Cir.1991); *Hernandez*, 689 F.2d at 918-19.

[32] ECF No. 2, at 45-46 of 47; ECF No. 14-6, at 2.

[33] *Binford*, 436 F.3d at 1256.

10, 2007, the state or federal authorities believed that the federal government had primary custody over Mr. Newman. Instead, Mr. Newman remained in state custody until he completed his sentence on August 10, 2007. Applicant's period of federal custody prior to August 10, 2007 was temporary.[34]

Moreover, contrary to Mr. Newman's assertions, primary federal jurisdiction is not indicated by the federal and state court judgments. The federal sentencing judgment is silent as to whether the federal sentence is to run concurrently with any future state sentence. As such, there is a presumption that the federal and state sentences run consecutively.[35]

I find that Mr. Newman's federal sentence commenced on August 10, 2010, the date he was received into federal custody to commence service of his federal sentence.[36] I further find that Applicant was under the primary jurisdiction of state authorities during the period December 26, 2006 through August 10, 2010. The brief period that Applicant remained in federal custody after he was released by the state

---

[34] See *Binford*, 436 F.3d at 1253, 1256 (rejecting argument that petitioner's federal sentence commenced on the day of federal sentencing, where record demonstrated that petitioner was transferred from state to federal custody pursuant to a writ of habeas corpus *ad prosequendum* for federal sentencing and was thereafter mistakenly delivered by the U.S. Marshals Service to a federal penitentiary, and where prison staff realized within three weeks that he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum* and returned him immediately to state authorities); *cf. Weekes*, 301 F.3d at 1177, 1180-81 (concluding that petitioner was in primary federal custody where Idaho allowed United States to take exclusive physical custody of petitioner without presenting either a written request for temporary custody or a writ of *habeas corpus prosequendum* and then lodged a state detainer with the federal authorities requesting the petitioner's return to state prison system upon completion of his federal sentence).

[35] See 18 U.S.C. § 3584(a) (stating that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently); *see also United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) ("The plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently.").

[36] 18 U.S.C. § 3585(a); *Binford*, 436 F.3d at 1255.

court on a PR bond does not by itself support a conclusion that Mr. Newman was in official (as opposed to temporary) federal detention.  And, the Bureau has credited that time against Applicant's federal sentence.[37]

B.   Credit for Time Served

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . that has not been credited against another sentence."  Mr. Newman received credit toward his state sentence for 285 days he spent in state custody between December 26, 2006 and October 11, 2007.  The state district court declined to award him an additional 94 days of pre-sentence confinement credit.[38]  However, the Bureau of Prisons has credited those 94 days toward his federal sentence.[39]  Because Mr. Newman has received full credit for his prior custody, I find and conclude that he is not entitled to additional sentencing credit against his current sentence for time he spent incarcerated between December 26, 2006 and August 10, 2010.[40]

---

[37]ECF No. 14-3.

[38]ECF No. 2, at 15 of 47.

[39]Doc. No. 14-3.

[40]See United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting § 3585(b) ] that a defendant could not receive a double credit for his detention time.").

C.      Concurrent v. Consecutive Sentencing

Finally, the Bureau of Prisons reviewed Mr. Newman's claims to determine whether he should be afforded *nunc pro tunc* concurrent service of his state court sentence.

As discussed above, because the federal district court made no determination that the federal term would run concurrently with any future state sentence, there is a statutory presumption that Mr. Newman's federal sentence ran consecutively to his state court sentence.[41] Further, although Tenth Circuit precedent is not entirely clear on this issue, at least one published decision has recognized the federal district court's authority to impose a sentence that will run consecutively or concurrently with a state sentence not yet imposed.[42] Presumably, the sentencing court was aware of its authority to order concurrent sentencing, but declined to do so.  Moreover, "neither the

_____

[41] *See* 18 U.S.C. § 3584(a).

[42] *See Williams*, 46 F.3d at 59 ("We find no language in section 3584(a) prohibiting a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed."); *see also United States v. Crawford*, No. 06-5203, 217 F. App'x 774, 776 (10th Cir. Feb. 21, 2007) (unpublished) (stating that "under *Williams*, the district court had the authority to order Mr. Crawford's sentence to run concurrently with the sentences he was to receive in state court."); *but cf. Miller*, 594 F.3d at 1242 (observing that because the petitioner "received his federal sentence before his state sentence, . . .neither court could order concurrent sentencing," citing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (discussing split among the United States Circuit Courts of Appeals as to whether federal district court has authority to order sentence imposed to run concurrently with anticipated state court sentence).  Notably, *Abdul-Malik* cites *Williams* for the proposition that the federal court has authority to order a sentence to run concurrently with a state sentence not yet imposed. *Abdul-Malik*, 403 F.3d at 75 (citing *Williams*, 46 F.3d at 59).

Furthermore, the Supreme Court held recently in *Setser v. United States*, ___ U.S. ___, 132 S.Ct. 1463 (2012), that a federal district court has discretion to order a federal sentence to run consecutively with an anticipated state sentence that has not yet been imposed.  The Court further recognized that a federal sentencing court also has inherent discretion to decide whether the sentences it imposes will run concurrently with respect to an anticipated state court sentence.  *Id.* at 1468.

federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."[43]

In *Barden*, the United States Court of Appeals for the Third Circuit recognized that the Bureau of Prisons has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where: the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence; and, the federal judgment is silent as to whether the federal sentence would run consecutively to or concurrent with any future state sentence.[44] The *Barden* court held that the "federal authorities have an obligation [to] exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*."[45]

The Bureau of Prisons considered Mr. Newman's request for administrative remedy, in part, as a request for *nunc pro tunc* designation under *Barden*. The BOP determined, based on the five factors listed in 18 U.S.C. § 3621(b), that a retroactive designation for Mr. Newman was not appropriate, based on his extensive criminal

---

[43]*Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990) (citing U.S. Const. art. VI, cl. 2); *see also Abdul-Malik*, 403 F.3d at 75 (state court determination of concurrent state and federal sentences is not binding on federal authorities); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (same).

[44]*Barden*, 921 F.2d at 477-478 (citing 18 U.S.C. § 3621(b), which affords the BOP wide discretion to designate an inmate's place of confinement).

[45]*Id.* The Court of Appeals for the Tenth Circuit has not expressly adopted *Barden. See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). However, the Circuit Court has implicitly recognized in an unpublished opinion that the BOP has discretion to designate a state institution for service of an offender's federal sentence. *See McCarthy v. Warden, USP Leavenworth*, 168 F. App'x 276, 277-78 (10th Cir. 2006) (unpublished).

history, the nature of his offense, and the silence of the federal sentencing court regarding the imposition of his federal sentence.[46]  The BOP's denial of *nunc pro tunc* designation is reviewed for abuse of the agency's substantial discretion under 18 U.S.C. § 3621.[47]

The designation of an appropriate state institution for service of a "concurrent" federal sentence must be "consistent with the intent of the federal sentencing court or the goals of the criminal justice system.[48]  Here, the federal sentencing judge was given notice of the *nunc pro tunc* designation request pursuant to PS 5160.05(9)(b)(4)(c),[49] but he remained silent on the issue.  In light of this fact and Mr. Newman's criminal history, I find and conclude that the Bureau did not abuse its discretion in denying the request.[50]  Applicant is not entitled to federal habeas relief from this court to the extent he challenges his federal sentence computation.

---

[46]Doc. No. 14-8.

[47]*See Fegans v. United States*, 506 F.3d 1101, 1105 (10th Cir. 2007) (citation omitted); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe*, 146 F.3d 118, 123 n. 4 (2d Cir. 1998); *Barden*, 921 F.2d at 478; *see also McCarthy v. Florence*, Case No. 08-CV-00961-REB, 2010 WL 2163781 at *2 (D. Colo. May 26, 2010).

[48]*See U.S. v. Dotson*, No. 11-6001,  430 F. App'x. 679, 684 (10th Cir. July 13, 2011) (unpublished) (quoting Bureau of Prisons Program Statement § 5160.05, § 8).

[49]*See McCarthy,* 2010 WL 2163781 at *2  (citing PS 5160.05(9)(b)(4)(c) (requiring the Bureau to give the federal sentencing judge notice of the *nunc pro tunc* designation request and an opportunity to comment).

[50]*McCarthy*, 2010 WL 2163781 at *3; *see also Taylor,* 284 F.3d at 1149 (the Bureau's decision "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy").

V.    <u>Conclusion</u>

Accordingly, it is hereby

ORDERED that Applicant Richard Allen Newman's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed on December 13, 2011, is denied and this action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated:  May 29, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge