IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-03262-WYD

RICHARD ALLEN NEWMAN,

      Applicant,

v.

T.K. COZZA-RHODES,

      Respondent.

---

### ORDER

---

THIS MATTER comes before the Court on Applicant Richard Allen Newman's

Motion for Reconsideration filed on June 15, 2012.  Mr. Newman is a federal prisoner

who is in the custody of the United States Bureau of Prisons ["BOP"].

By way of background, Mr. Newman initiated this *pro se* action by filing an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on December 13,

2011.  He sought an order, pursuant to 18 U.S.C. § 3585, requiring the Bureau of

Prisons to grant him credit towards his federal sentence for the period December 26,

2006 to August 10, 2010.  He alleged that he is entitled to this credit as he was primarily

in federal custody during that time.

In the dismissal order of May 29, 2012, I determined that Mr. Newman was under

the primary jurisdiction of state authorities during the period December 26, 2006,

through August 10, 2010, and that for the brief period he remained in federal custody

after he was released by the state court on a PR bond, the BOP credited that time

against Applicant's federal sentence.  I also determined that Mr. Newman received credit toward his state sentence for the 285 days he spent in state custody between December 26, 2006, and October 11, 2007.  Accordingly, I found that Mr. Newman has received full credit for his prior custody, and that he is not entitled to additional sentencing credit against his current sentence for time he spent incarcerated between December 26, 2006, and August 10, 2010.

In the Motion for Reconsideration, Mr. Newman again asserts that he should get credit on his federal sentence for the period of time he was detained by the state court from December 26, 2006, to August 20, 2010.  He notes in that regard that on November 6, 2007, he was removed from federal custody pursuant to a writ to attend a state hearing held on December 11, 2007.  Although he was supposed to be returned to federal custody thereafter, Mr. Newman asserts that the U.S. Marshal's Office failed to request this as ordered in the writ.  Since he allegedly should have been in federal custody during the period at issue but was not due to errors by the Marshal's office, Mr. Newman asserts that he should receive credit toward his federal sentence.

Turning to my analysis, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Newman filed the motion for reconsideration within twenty-eight days after the Order of Dismissal and the Judgment were entered in

the instant action on May 29, 2012.  The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Mr. Newman's motion must be construed liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

I find that Mr. Newman has not asserted any of the major grounds that would justify reconsideration in his case.  He has now shown or argued an intervening change in the controlling law or the availability of new evidence.  I also find that Mr. Newman has not shown a need to correct clear error or prevent manifest injustice, as he has not demonstrated that the Court erred in determining that he was primarily in state custody during the applicable period.

I first note that Mr. Newman does not dispute the ruling in the May 29, 2012, Order that when charges are pending in both state and federal courts, principles of "primary jurisdiction" control which sovereign, the state or federal government, has priority over a defendant for trial, sentencing, and incarceration.  *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002).  In this case, while Mr. Newman was initially arrested in December 2006 by U.S. Postal Inspectors on a warrant from this Court (Ex. B. to Memo., ECF No. 2), it is undisputed that he was immediately turned over to state authorities and charged in state court.  He was not transferred into federal custody until

February 2007, and this was done pursuant to a writ of habeas corpus *ad prosequendum*.

Under these facts, the State of Colorado clearly retained primary jurisdiction over Mr. Newman until he was transferred to FCI Florence in August 2010. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006) ("'[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant'"; the transfer by the state authorities to federal court on April 19, 2007 ,was "conditional or temporary, *i.e.*, pursuant to a writ of habeas corpus *ad prosequendum*") (quotation omitted); *see also Weekes*, 301 F.3d at 1180-81. Mr. Newman has not shown that this ruling is erroneous or pointed to anything in the record that indicates the state surrendered primary custody to federal authorities during that period of time.

Based upon the foregoing, it is

ORDERED that the Motion for Reconsideration (ECF No. 21) filed *pro se* by Applicant on June 15, 2012 is **DENIED**.

Dated:  September 19, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE